HOLCOMBE et al. v. LEAVITT et al.

(Supreme Court, Special Term, Erie County. January, 1910.)

1. RELIGIOUS SOCIETIES (§ 7*)—INCORPORATED CHURCH—MEMBERS—EXPULSION.

The governing body of an incorporated church has no power arbitrarily to expel members, where property rights are involved.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 7.*]

2. RELIGIOUS SOCIETIES (§ 14*)—DISCIPLINE—DOCTRINES—EXPULSION OF MEMBERS—INJUNCTION.

Though all questions of faith, doctrine, and discipline belong exclusively to the church and its spiritual officers, and the question of church membership is purely ecclesiastical, courts have power by injunction to restrain the expulsion of members, where it is sought to be exercised as a mere pretext to deprive individuals of their membership, so that their property rights will fall with the expulsion.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 100–102; Dec. Dig. § 14.*]

3. RELIGIOUS SOCIETIES (§ 7*)—EXPULSION OF MEMBERS—BY-LAWS—CHANGE.

Where a portion of the members of an incorporated church desired a change in the by-laws, and a committee appointed by the congregation had prepared new by-laws to be voted on, notice of which is required to be given at church service on two successive Sunday mornings by an officer of the church, by Religious Corporation Act (Consol. Laws, c. 51) § 194, the church committee and those having control of the organization of the church, being opposed to the change, had no authority to expel members and officers favorable to the change, in order to prevent notice and an election to determine whether the change should be effected.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 7.*]

Action by Charles D. Holcombe and others against Annie B. Leavitt and others. On petition to vacate a temporary injunction. Denied.

See, also, 124 N. Y. Supp. 982.

Wallace Thayer and Edward E. Tanner, for plaintiffs.
Wilber E. Houpt, for defendants.

MARCUS, J. While, in form, this application is made ex parte to vacate the temporary injunction herein on the papers upon which it was granted, in fact counsel for both parties were heard at length. Certain technical objections were made to the sufficiency of the moving papers, all of which were overruled.

The plaintiffs ask that upon the facts as presented no more dismissals from office or expulsions from membership in this church corporation be made until after the next annual meeting on January 18, 1910. The desire of the moving parties and those associated with them in interest is that they may be allowed to present new by-laws for discussion and enactment, which right is given to them by the laws of this state and the by-laws of this corporation, and, pending the stat-

utory time required, that they be not summarily dismissed under the guise of spiritual discipline.

It appears that the defendants, as the church committee, have complete control of this organization, and have already dismissed 17 Sunday school teachers, 12 reading room workers, 5 ushers, and expelled all of the plaintiffs, and have threatened to expel all of the members of the church favorable to the new by-laws proposed by the plaintiffs.

Under section 194 of the religious corporation act (Consol. Laws, c. 51) notice of special corporate meetings must be given at the church service on two successive Sunday mornings by an officer of the church. The plaintiffs claim to be a committee appointed by the church congregation to prepare by-laws, which have already been printed and distributed. It is urged by the plaintiffs that, if the injunction is vacated, Mr. Parker, who is the second lay reader and the only officer left to the plaintiffs who is qualified to read the notice required by law, will be summarily dismissed.

The defendants have refused to consent that Parker be retained, or that dismissals from membership shall cease until after January 18, 1910. The law of this state does not allow a governing body to arbitrarily expel members of an incorporated church, where property rights are involved. And since only members of the church shall be eligible to election as trustees or directors, the plaintiffs have argued the object of expulsion becomes apparent.

The court recognizes that all questions of faith, doctrine, and discipline belong exclusively to the church and its spiritual officers, and that the question of church membership is purely ecclesiastical. It is not designed by the refusal to vacate this injunction at this time that these rights shall be interfered with. Only so far as their power is exercised as a pretext for the purpose of depriving individuals of their membership, so that their property rights fall with expulsion, ought the court to interfere to preserve and protect the same.

The contention of the moving parties is simply and solely to be allowed to exercise the privilege, given by the law of the state and the by-laws of this corporation, to present, by following the statutory directions, the question of revising the present by-laws, and that Mr. Parker be not dismissed from office, so that they may have some one legally qualified to read the notice of the meeting required by section 194 of the religious corporation act, that the proposed by-laws may be legally adopted or rejected, and that the members in sympathy with the proposed by-laws be not expelled from membership, so they can vote upon the question. Since it requires two-thirds of the qualified voters present and voting, after written notice embodying such by-laws or amendments has been openly given at a previous meeting, it would seem that the expression of such a number would entitle them to change the form of their government and the personnel of the directors and trustees, and the injunction should be continued to prevent any illegal or arbitrary expulsion by those now in authority against persons who are in sympathy with the proposed by-laws.

To that extent, and that extent only, is the injunction continued.